COVINGTON, receiver, *v.* BARBER *et al.*

Where a sheriff levied a distress warrant issued from a justice's court, but returnable to the superior court, upon a stock of goods and took possession of them, but afterwards, with the consent of the attorney for the plaintiff in the warrant, delivered the goods and the keys to the building in which they were stored to a receiver appointed in bank-

ruptcy proceedings instituted against the defendants in the warrant after the sheriff took possession (the receiver having been directed by the bankruptcy court to take possession of the goods), it was error for the judge of the superior court, upon petition of the plaintiff in the distress warrant, and of the holder of a fi. fa. issued against the same defendants in foreclosure upon the same goods, to enjoin the receiver from interfering with the possession, and to order him to deliver possession of the goods to the sheriff.

No. 469.  April 12, 1918.

Injunction.  Before Judge Thomas.  Colquitt superior court. May 26, 1917.

On April 28, 1917, a distress warrant was issued in favor of W. H. Barber against Hutchings & Pinckard. This was levied on a stock of merchandise then in the possession of the defendants and situated at Moultrie, Georgia. The sheriff who made the levy received from the defendants in the warrant the keys to the store building containing the goods, and retained actual custody and possession thereof until the afternoon of May 5, 1917. After this levy a mortgage in favor of the Citizens Bank, dated March 1, 1916, for the principal sum of $5,000, was foreclosed against the same defendants, and the mortgage fi. fa. was placed in the hands of the sheriff for levy and collection. After the property had been in the custody of the sheriff for five or six days, certain unsecured creditors filed a petition in bankruptcy against Hutchings & Pinckard, and filed also in the bankruptcy court a petition asking that a receiver be appointed to take charge of the property belonging to Hutchings & Pinckard; and thereupon W. A. Covington was appointed as receiver. The attorney at law representing the plaintiff in the distress warrant and the plaintiff in the mortgage fi. fa. consented for the sheriff to surrender to the receiver the property under levy, and the receiver took possession thereof. Upon learning of this the plaintiff in the distress warrant filed a petition in the superior court, seeking to have the receiver restore possession of the property to the sheriff. A rule to show cause was granted; and at the hearing of the case at chambers the court granted an order reciting as follows: "It appearing that the property in controversy was held by W. W. Boyd, sheriff, under the levy of a valid distress warrant returnable to this court, and that the custody and possession of the property so levied on was illegally, wrongfully, and erroneously surrendered by the sheriff to the defendant without authority of either of the plaintiffs in distress warrant

and fi. fa., and without authority of the court, and without any notice to the court or either of the plaintiffs; and it further appearing that bankruptcy proceedings were instituted against Hutchings & Pinckard several days after said property had been levied on under and by virtue of said distress warrant, and that said property was in the legal custody of this court at the time bankruptcy proceedings were instituted." This recital was followed by a judgment, based upon the facts recited, that Covington be enjoined and restrained from further interfering with the sheriff's possession of the property, and be required to restore the possession to the sheriff, and be further restrained from doing any act which would interfere with or delay the superior court in the due administration of the property. This order was granted after hearing evidence showing the circumstances under which the sheriff took possession of the property at first, turned it over to the receiver, and afterward attempted to retake possession of it by putting additional locks upon the door of the storehouse which he had already locked when he first took possession of it, the keys to the first locks having been turned over to the receiver. To the granting of this order the receiver excepted.

*Mayson & Johnson* and *Shipp & Kline,* for plaintiff in error.

*Parker & Dowling* and *R. J. Bacon,* contra.

BECK, P. J. (After stating the foregoing facts.) We are of the opinion that the court erred in granting the order and judgment excepted to. It is cogently urged in the brief of counsel for defendants in error that the attorney at law for the plaintiff in the distress warrant did not have authority to consent for the sheriff to deliver the property to the receiver of the bankruptcy court, and that the State court could not be divested of its jurisdiction to control and have administered the property in this way. We will not enter upon a discussion of the extent of the authority of the attorney for the plaintiff in the distress warrant and in the mortgage fi. fa., but rest the decision which we make upon facts which clearly appear in the record. The sheriff of the county had seized and taken possession of the property on April 28, 1917, and had put locks upon the door of the building containing it. The attorney of record for the plaintiff in the proceeding under which the property was seized consented for the sheriff to deliver the property to the receiver appointed by the bankruptcy court.

This consent, and the action of the sheriff in making delivery of the property to the receiver, vested the receiver with such possession and custody of the property that it should not be taken from him by a peremptory order from the superior court; especially in view of the fact that the bankruptcy court had granted an order requiring the receiver to hold the property. The possession of the property by the receiver had not been procured by fraud, force or violence, but upon an application to the State official, who complied with the request contained in that application after the consent of the attorney of record for the plaintiff in the proceeding under which the sheriff had first seized the property. If it be true, as contended by counsel for defendants in error, that the attorney for the plaintiff in the distress warrant was without authority to consent for the sheriff to deliver the custody of the property to the receiver, and if it be true that this delivery could not be complete without the consent of the superior court, those questions can be raised and be adjudicated in the bankruptcy court upon application duly made for the restoration of the goods to the custody of the sheriff. Unless this course is taken, we will have the case of a peremptory order from the State court coming in conflict with an order from the bankruptcy court over the possession of property held by the receiver in bankruptcy. It is insisted by the defendant in error, that the jurisdiction of the administration of the property was in the State court, and that this court could not be deprived of its jurisdiction without its order; that in fact it has never lost jurisdiction; and that the question of its jurisdiction will be determined by the pleadings in the case. But it will be observed that the court below heard evidence to ascertain who had the possession of the goods and under what circumstances that possession was procured. It will also be borne in mind that the officer of the bankruptcy court who had possession of the goods at the time of the hearing of this case in the court below was specially appointed to take possession of these goods, and his possession was unquestionably the possession of the bankruptcy court; whereas the State officer had seized the goods under a distress warrant issuing from a justice's court. And while seizure by the sheriff and custody by him might, in some sense of the term, be custody of the court, it is not in the same sense that the custody of the receiver is the custody of the bankruptcy court. If the

superior court in proceedings for that purpose had appointed a receiver to take charge of these goods, and such receiver had seized and taken charge of them, it is doubtless true that he could not have divested himself of the control and custody of them without an order of the superior court; and if without such an order a State court receiver had surrendered property to a receiver in bankruptcy, a very different question would arise, upon his attempt to recover possession, from that which is presented by this record. In connection with the question which we have decided the following authorities may be considered: Collier on Bankruptcy (11th ed.), 533; Wright *v.* Harris, 221 Fed. 736; Murphy *v.* John Hofman Co., 211 U. S. 562 (29 Sup. Ct. 154, 53 L. ed. 327). Other decisions will be found cited in the cases just referred to, and we think it unnecessary to multiply authorities here.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*